**BOARD OF TRUSTEES OF ROBSTOWN INDEPENDENT SCHOOL DIST. v. AMERICAN INDEMNITY CO.**
(No. 170–3180.)

(Commission of Appeals of Texas, Section A. Feb. 23, 1921.)

1. **Schools and school districts** ⬤⟞81(2)—**Period of unavoidable delays excluded in ascertaining time of default in completion of contract as respecting notice to surety.**

Where contract for construction of school building required completion of building within six months from date of delivery of bonds to contractor, but in other provision of contract provided that the contractor should not be held responsible for delay by reason of fires, acts of Providence, and other acts beyond the contractor's control, and where specifications provided for additional time for delays resulting from additional work or changes in work or other acts of the parties on contractor giving written notice thereof, it was proper for the court in ascertaining time of contractor's default in completion of contract under the provision of the contractor's bond requiring notice to surety within 30 days of default to exclude the period of delays resulting from accidental or uncontrollable causes, though the contractor had given no written notice thereof; the requirements as to written notice being applicable only to the delays from change in the work, etc., and other delays occasioned by the acts of the parties as contemplated by the specifications.

2. **Schools and school districts** ⬤⟞81(2)—**Failure of trustees to comply with statutes held not to affect liability on contractor's bond.**

Failure of trustees of school district to comply with Rev. St. 1911, arts. 2740, 2741, and Vernon's Sayles' Ann. Civ. St. 1914, arts. 2904n, 2904o, relating to securing of building permits, sale of bonds, and deposit of proceeds, etc., did not affect liability on school building contractor's bond.

3. **Appeal and error** ⬤⟞1114—**Cause remanded to Court of Civil Appeals for consideration of sufficiency of evidence.**

On writ of error to review judgment of Court of Civil Appeals, where there are assignments of error questioning the sufficiency of the evidence to support the court's findings on material issues, the Supreme Court will on reversal remand the cause to the Court of Civil Appeals in order that it may consider such assignments.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Suit by the Board of Trustees of Robstown Independent School District against the American Indemnity Company. Judgment for plaintiff reversed, and judgment rendered for defendant by the Court of Civil Appeals (200 S. W. 592), and plaintiff brings error. Judgment of Court of Civil Appeals reversed, and cause remanded to that court for further consideration, with directions.

G. R. Scott and Boone & Pope, all of Corpus Christi, for plaintiff in error.

Terry, Covin & Mills, of Galveston, E. P. Scott, of Corpus Christi, and E. H. Cavin, of Brownwood, for defendant in error.

SPENCER, J. Plaintiff in error, the board of trustees of Robstown independent school district, brought this action against C. D. Patterson, as principal, and defendant in error, American Indemnity Company, a corporation, as surety, to recover upon a bond executed by them to secure the faithful performance of a contract by Patterson to erect for the Robstown independent school district a school house at Robstown, Tex., which contract had been breached by Patterson.

The school district, through the board of trustees, transferred to Patterson bonds of the district which had been voted and issued as means of providing the necessary funds for the erection of a school building.

Patterson was duly cited by publication, but failed to appear, and, upon motion of plaintiffs in error the cause as to him was dismissed. Defendant in error answered, seeking to be discharged upon the grounds: (1) That the contract required the completion of the building within a period of six months from the date of the delivery of the bonds to Patterson, and the bond required plaintiffs in error to give defendant in error written notice within thirty days of any default in the performance of any of the terms of the contract, and that the building was not completed within the time stipulated nor was the written notice required by the bond given; and (2) that the contract between Patterson and the board of trustees was illegal and void as against public policy, in that the statutory requirements with reference to securing a school building permit and the sale of the bonds and the deposit of the proceeds from the sale of same had not been complied with.

The case was tried before the court without the aid of a jury, and judgment rendered in favor of plaintiffs in error for the sum of $20,160. Upon appeal the Court of Civil Appeals was of opinion that the failure of the plaintiffs in error to give the surety written notice of Patterson's failure to complete the building within six months after the delivery of the bonds to him was a breach of the provision of the bond requiring written notice to it within thirty days after notice of default had come to plaintiffs in error, and that such failure operated to release the surety; whereupon it reversed and rendered the judgment. (Civ. App.) 200 S. W. 592.

The bonds were delivered to Patterson on the 7th or 8th of January, 1914. The building was abandoned by him in October, 1914, and before it was completed. Written notice within thirty days after the abandon-

ment in October, 1914, was given to defendant in error by plaintiffs in error, but no notice prior thereto was ever given, of Patterson's failure to complete the building, and neither was any statement in writing of the delays ever made and presented to the owner or architect by Patterson as provided in the plans and specifications. Thus it becomes necessary to construe the contract to determine whether plaintiff in error was required to give written notice at the expiration of six months after the delivery of the bonds to Patterson of Patterson's failure to complete the building within that time; and this involves the further question of whether, in the character of delays that postponed the completion of the building beyond the six months after the delivery of the bonds, Patterson was required to make a written statement within eight days of each such delay, to be certified by the owner or architect, in order to exclude such delays in computing the six-month period.

Section 1 of the contract reads:

"The contractor, for the consideration hereinafter mentioned, doth * * * promise and agree * * * that he will within the space of six (6) months, from the delivery of the bonds, in a good and workmanlike manner, * * * build and finish a two-story brick school building, on such lot as is selected, and designated by the said board of trustees, in the town of Robstown, * * * according to the plans and specifications drawn, submitted and accepted by the said board of trustees from Messrs. Adams & Adams, architects, of San Antonio, Tex., which said plans and specifications are hereto attached and made a part hereof."

Section 9 of the contract reads:

"It is further agreed and understood by and between the parties hereto that the contractor shall not be held responsible for any delay in the completion of said school building beyond the time as specified in paragraph 1 hereof, by reason of fires, acts of Providence, and other acts beyond the control of the said contractor."

The specifications for the contract contained this provision:

"The entire work is to be completed and fit for occupancy (as set forth herein and by accompanying drawings) by ———. The contractor shall be entitled to one day in addition to said stipulated time *for each day's delay resulting from additional work or changes in work required from time to time, or for specific delays from other causes*, [italics ours] as may be approved by the architects or owners which additional time must be stated by the contractor in writing within eight days of such delay, giving dates and causes, which, if correct, shall be certified by the architect or owner. Should the contractor neglect to ask for additional time within the time specified above, it is mutually agreed that no just claim exists, or shall exist, for an extension of time."

The indemnity bond contained the following provision with reference to notice:

"Provided, however, that in the event of any default on the part of said principal in the performance of any of the terms, covenants, or conditions of said contract, or in the event of any claim, demand, judgment, lien, cost or fee being obtained or made against said obligee, for or on account of the prosecution of the work as aforesaid, written notice, with a statement of the principal facts showing such claim, demand, judgment, lien, cost or fee and the date thereof, shall within thirty days after the same shall have come to the notice of the said obligee be given to the American Indemnity Company, at its office in the city of Galveston, Texas."

It is clear, we think, Patterson was to have six months, exclusive of such time as he might be entitled to on account of delays contemplated by the provisions of the sections quoted, in which to complete the building.

The trial court found that, due to weather and other conditions, delays occurred in the construction of the building, and also that notice of Patterson's default in the performance of his contract was given to defendant in error in accordance with the contract; and, although the court did not specifically find the time excluded on account of delays brought the six-month period allowed in which to complete the building to within thirty days of the written notice of abandonment, the findings are susceptible of no other construction, and we must in support of the judgment, but without passing upon the sufficiency of the evidence, assume that it intended to so find. But, inasmuch as the notice required by the plans and specifications was not given, are plaintiffs in error entitled to have the time occasioned by the delays found by the court excluded in computing the six months' time?

[1] It is readily seen that the subject-matter of the provision in the plans and specifications is separate and distinct from the subject-matter contained in section 9 of the contract. The latter deals only with accidental or uncontrollable causes; the former with events within the control of the owner concerning negotiations between the parties relative to delays due to changes in the plans. It is apparent that no written notice was required in cases of delay resulting from accidental or uncontrollable causes; but only in those delays occasioned by the acts of the parties was written notice required. Plaintiffs in error alleged and the evidence shows that the delays excluded in computing the six-month period are such as fall within section 9 of the contract; while there is no allegation of any delay contemplated by the provision in the plans of specification. It follows, as of course, that if there was evidence of delays which, if automatically ex-

cluded in computing the six-month period, as contemplated by the contract, would bring this period to within thirty days of the written notice given by the trustees of the abandonment by the contractor, there would be no breach of the terms or covenants of the contract requiring notice.

The contention that defendant in error is discharged from its obligation on the bond in that the contract between the parties was rendered illegal and void by reason of the board of trustees' failure to secure a school building permit in accordance with articles 2904n and 2904o of Vernon's Sayles' Ann. Civ. St. of 1914, and (2) their failure to comply with articles 2740 and 2771 of Revised Civil Statutes of 1911 with reference to the sale of the bonds and the deposit of the proceeds from the sale thereof may be best disposed of by reference to the statutes.

Article 2904n provides:

"That no public school building shall be constructed in the state of Texas at an expense of more than four hundred dollars, until the board of school trustees of the district or city or town in which the work is to be done shall have first secured a school building permit from the officer legally authorized to grant such permit, certifying that the plans and specifications of said proposed building conform to the hygienic, sanitary and protective regulations established by this act for public school buildings in Texas."

Article 2904o provides:

"*Payments Before Permit Unauthorized.*— That no person charged with the duty of disbursing school funds or of authorizing disbursement of school funds in the state of Texas shall pay or authorize the payment of any vouchers, or in any other manner pay out any sum of public money for the construction of any school building at an expense of more than four hundred dollars until the board of school trustees of said district or city or town has secured from the properly constituted authority a legal permit for such work, and that any disbursing officer failing to observe the provisions of this act shall be held liable for such amount as is paid out on account of such building, as is not legally permitted. Id. § 14."

Article 2740 of the Revised Civil Statutes directs that the president of the board of trustees shall notify the state board of education of all bids received for the bond and shall give such board an option of ten days in which to purchase the bonds, and, if not purchased, the president shall sell the bonds to the best bona fide bidder.

Article 2771 provides that the treasurer of independent school districts shall be that person or corporation who offers satisfactory bond and the best bid of interest on the average daily balances, the bond to be made payable to the president of the board and his successors conditioned for the faithful discharge of the treasurer's duties and the payment of the bonds received by him upon the draft of the president, drawn upon order, duly entered, of the board of trustees.

[2] There is nothing in the articles quoted which expressly or by unavoidable inference declares that a failure to comply with the directions contained therein shall render the bonds, or any contract growing out of their sale, void. The contract itself is one which the school district, through the board of trustees, acting within the scope of its general powers, had the power to make. The fact that the board of trustees may have failed to comply with the terms of these articles, which concern matters collateral to the exercise of its statutory functions, and not limitations of its power, would not taint the contract with such illegality as to convert an otherwise legal contract into a void obligation. The most far-reaching effect, it seems to us, of the failure of the trustees to comply with these requirements, would be to render their act ultra vires, which in this case would not release the surety. Bell v. Kirkland et al., 102 Minn. 213, 113 N. W. 271, 13 L. R. A. (N. S.) 793, 120 Am. St. Rep. 621; 32 Cyc.

[3] There are several assignments of error questioning the sufficiency of the evidence to support the court's findings upon material issues, and this necessitates remanding the cause to the Court of Civil Appeals in order that it may consider such assignments.

We recommend, therefore, that the judgment of the Court of Civil Appeals be reversed, and the cause remanded to that court for further consideration, and for such disposition consistent herewith as it may deem proper.

PHILLIPS, C. J. The judgment recommended in this case by the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission on the questions discussed.